If it pleases the Justices, Treva Hearn on behalf of the Plaintiff Hershel Rosenbaum looking for justice, I would submit to you today that there are two considerations. And I am the first to admit that we're not briefed to any degree of detail and clarity. And like the many attorneys who probably preceded me on this slippery slope of qualified immunity, it is easy to fall off that cliff. And like many before me, I hope to be able to resolve this because it's different. It's different than the fact situations that were before the Supreme Court and different in many instances, but for the fact. They have always pointed out, and you hear said again and again, a reasonable belief that this police officer had, a reasonable belief formed at the time of the arrest. And that becomes what's critical in this particular issue, at the time of the arrest. The district court's analysis of this case was certainly correct to a great extent. There was no probable cause for this arrest. There is no reasonable officer who would have believed that Hershel Rosenbaum violated the NRS section with which he was charged. Can I ask you this one question? Although I understand that there was no evidence before the court at the time of the summary judgment, I gather that Mr. Rosenbaum was wearing, I don't mean to say COS or COS, however you say it, a T-shirt. KOZZ. KOZZ T-shirt that might have given someone the impression that he worked for that station. Would that have any bearing on whether the officer could have felt that there was a possible violation of Section 2005.415? No, Your Honor, that would be a civil matter. If they felt as though that he was an imposter representing the radio station, which of course they did not, and there was much evidence put on that KOZZ did not wish for any complaint to be filed against Mr. Rosenbaum for what he did. The fact is, is that even if he was stating that he was with KOZZ, what was the real issue there? They were getting a ticket that was worth $7 at the time for $5. Before we get off this, you said 205.415 was a civil matter. Isn't that a criminal statute? What I'm saying is, is that if KOZZ had a complaint or if they felt as though he was an imposter, it would be a civil matter for them. Oh, between the radio station and him, of course I understand that. But again, we're getting back to what the officer thought. I realize, I take your point about it's what the officer thought at the time, not later, when they come up with these other statutes. But just arguendo, if we consider these two other statutes that they've cited, one of which is 205.415, if we can consider that, should it enter into our consideration that Mr. Rosenbaum was wearing this T-shirt? No, because he would have to have been intending to defraud them. And wearing the T-shirt didn't show any intent to defraud. He wasn't trying to say, well, if you buy this from KOZZ, you're paying less, and therefore, you're not getting the benefit of your bargain. And I think the district judge looked at that and said, that didn't matter. If you're going to violate this law, what you have to have is the intent to defraud, and there have to actually be some damages or there has to be a victim. And what this was was a victimless crime. When Lt. Forness was asked in deposition who was the one who was the victim here, the he answered, well, the people who bought the tickets, they were free tickets and they had to pay for them. Well, they weren't free to anyone but the person who won the contest, which was Mr. Rosenbaum. The way you characterize a qualified immunity test, you say it's what the officer thought, and we know that that's not a subjective test, it's an objective test. So the question is, what's the range of statutes that would have been available to the officer at the time of the arrest? And isn't the core of your argument that you can't wipe off, dust off a statute from the books that's never enforced and say, oh, yes, this justifies the search, which is essentially what the Nevada Statute 415, what is that? Yeah. The Nevada Statute that deals with the solicitation for the benefit of others. That's what the core of the claim is. Yes, it is an objective test. Yes, you can review the scene and look at all of the statutes, but you can't take – it was not reasonable to believe that any officer would have taken an arcane statute never enforced, no interpretation, et cetera. Isn't that the core of your argument? Yes. In part, it is, because we have to look – I say that's a good answer. Thank you. I try my best. Okay. I have certainly looked at this from many different angles, and it's very difficult for me to zero in on what it was that the district court believed was the reason that the police officer could look at a law weeks after the charges when they realized the charges were being dropped and say, wait, this statute may work. To me, that takes away and erodes qualified immunity to nonexistence. But there is a context, isn't it, as to when the defendants came up with the statute? The defendant came up with the statute after the charge. After the charge. No issue. After the charges were already getting ready to be dismissed on the initial charge. Because what the court – the district court finds that that statute is part again of the arsenal of statutes that the officer could have had, finds the statute to be ambiguous, and then rules qualified immunity, no qualified – qualified immunity based on the ambiguity of the statute. And you're challenging the prior selection of that statute as a relevant one. Well, and not choosing it, it would be as though you were able to find – you know that it was a constitutional violation because there was an unlawful arrest. Because you were arrested for something that wasn't a crime. And then for the police officer to later go, oh, wait, wait, if you're going to dismiss it, let me see if I can find something else that fits here so I don't get the situation where I made this unlawful arrest. And to me, that erodes the entire crime. What role does the fact that this was decided on summary judgment play? Your client is entitled to instruction of the facts and the light most favorable to him at this point since he wasn't the moving party. What role should that play in our consideration about the qualified immunity issue? You know, Your Honor, I have read the law review articles that talk about why this is a matter for summary judgment because we want to make it efficient for the district court. We want them to be able to make this decision and not be going to – before a jury. And yet, where do you find that line that says, wait a minute, that is something that has to be decided by a jury? That is something that whether that police officer had in his mind a reasonable interpretation of the law at that point. And this is a lieutenant who was 20-and-a-half years. He'd already been – he'd worked for L.A. five years also and 20-and-a-half years for Washoe County. Well, viewing it from the perspective of summary judgment and construing the facts most reasonably thought that Rosenbaum's conduct was illegal. Yes. And I think the district judge pointed that out. Well, if that's the case, wouldn't our remedy be to send it back for further litigation because it's improper on a summary judgment? Absolutely, Your Honor. And with direction, with direction that the district court made an absolutely correct decision with regard to that this was an arrest that did not have probable cause. And I should say my last comment. Counsel, one question I'd like to hear your thought on. If the qualified immunity test is based on what a reasonable officer would do, not the subjective feelings of the acting officer, but a reasonable officer, then how does that standard relate to the use of a statute? Can the judge dream up any statute that might be applicable, or does he have to say, would a reasonable officer have used this statute? Or does he have to say, what did this officer, what statute did this officer have in mind when he made the arrest? How does this all work with a reasonable officer standard? Well, perhaps inartfully said in my briefs, Your Honor, but what I tried to portray is I think it has to be what was in that officer's mind at the time of the arrest. And what he had in his mind was the first statute. He didn't even think about the second statute. Therefore, I don't believe it should. I think the inquiry should stop. I'm not sure that the inquiry is what was in the officer's mind. I think it was what was reasonably available to an officer at that time. In other words, I don't think that the requirement is that he has to have the entire statute book in his brain, but the question is what's the range of reasonable statutes that were available to him. And when questioned in deposition, he said absolutely the only statute he thought of was that one, the first one. That was 205.380 is the only statute he had in his mind. That's what he believed happened because he looked at the back of the ticket. The back of the ticket said you can't sell it. All right. Let's hear from the county. We'll give you a minute to respond because we took you over a little bit. Let's hear from the county and then we'll hear from you again. Thank you and good morning. May it please the Court. Herbert Kaplan, Deputy District Attorney with Washoe County DA's Office. And I am here on behalf of the appellees. And there are several issues that are before this Court. First of all is the issues that were defined in the appellant's opening brief was number one. And the issue that has been discussed is whether the district court should have or could have considered any other statute other than the statute that was charged or in the mind of the officer at the time of the arrest. Before you get there, Mr. Kaplan, the district court concluded that the facts of this case, that there was no, that it didn't give rise to probable cause under any statute, right? Correct. Okay. Under that circumstance, how are we to apply the qualified immunity analysis? Judge Gould articulated what the reasonable officer would do. Well, the district court's made a determination is that under these facts, there's no criminal statute anywhere that applies that would have provided probable cause. Is that determinative of the qualified immunity issue? I don't believe it is. And the question was asked, you know, what's the range of statutes that the court could consider in determining whether there was probable cause. And I think it's any statute that's on the books. You know, an officer is on the books. But if there isn't any, I'm just hypothetically. Let's say there are no statutes that would apply here that would have given him probable cause. Say the district court was right. It's one thing to say something is vague and ambiguous. On the other hand, if there is no probable cause available under any criminal statute, how can there be qualified immunity? Well, because that's the very basis for immunity is what the reasonable officer would have done. And what they're looking at in this case is under NRS 205.415, the statute's ambiguous and was reasonably interpreted by or could be reasonably interpreted to apply in this situation. Counsel, how could you say or how can the court conclude that a reasonable officer would rely on this statute if the statute has never previously been used against that kind of situation? Well, maybe I'm missing something, but I'm not seeing this as a close qualified immunity issue. If that statute was never in any other prosecution invoked against this kind of conduct, by any officer ever in the history of the statute, and it wasn't in the mind of this officer, why should we say the court can sort of dredge it up and use it to give qualified immunity? Well, in response, I'd say there's no evidence whatsoever that this statute was never enforced. There's no evidence in the record that suggests that it wasn't applied in this kind of a situation in the past. It was? I don't. I don't, Your Honor. The record is silent on the issue. The record is silent on the issue. And I agree there's no case law in Nevada regarding NRS 205.415. But that stands true for other statutes as well. It doesn't mean that they're not applied. It doesn't mean that they're not applied in certain situations. What it means is that it never reached the Supreme Court of the state of Nevada to warrant an opinion being issued. And Nevada oftentimes doesn't have a lot of case law, a lot of Supreme Court opinions on a variety of issues. But you agree, don't you, that if we have a statute book that has, you know, jaywalking crimes that haven't been enforced in X number of years or whatever crime it is, if qualified immunity means that after the fact the defendant can come up with some subsection A, B on page X that no one had ever heard of before, that that would essentially wipe out 1983 claims. If qualified immunity means that, then really fabulous lawyers will be able to justify anything. Well, and again, we're dealing with a statute that's been on the books since I believe 1915. And whether it was applied or not, we don't know. But isn't it what really goes back to Judge Gould's comment, which is wouldn't it be appropriate at this point to remand exactly to deal with this aspect of qualified immunity? Was this particular statute in the range of statutes that a reasonable officer would have known about? And I'd suggest that it wouldn't be appropriate to do that. I believe that under the circumstances, you have officers who are not legal technicians. And the law regarding probable cause indicates that if an officer is on the street and has a fair probability to believe that that individual is committing any crime, any crime, that there could be probable cause. It doesn't matter what he was thinking at the time. It's clear. It does not matter what he was thinking at the time. So the appellant's argument flies directly in the face of established law regarding probable cause. But it does matter what was available to the him. It is an objective test. You're right. And it even can be a post hoc test. But it is looking backwards at what was available to him at the time of the arrest. Correct. The question is whether this statute was within the realm of availability. And what I would suggest is you have an officer on the street. The officers are trained to be familiar with every statute, every crime that's in the books, whether or not it's enforced on a regular basis or not. It's on the books. It may be in the back of their mind. But they have an idea that it's there. So any crime that's on the books, I suggest, would be available. And I understand there are crimes that, you know, jaywalking or, you know, spitting on the sidewalk, something of that nature. I was thinking of crimes against witches to really make this interesting. I don't believe Nevada's ever had the witches issue. I understand Massachusetts, they have. I'm talking about coming crime. Or you could go to the Old Testament, perhaps. Perhaps. So essentially what I would suggest is that any statute that is on the books, the officer would have knowledge of and have some idea. And even in Davenport v. Salford, the court recognized that there's no constitutional requirement that the officer state any charge when they're booking the individual into jail. Is that the best practice? No. Is that done? I don't know if it's done anywhere. But he didn't have to identify any crime at that time, which would eliminate the whole issue of what crime he could have been charged with. The reality is that the same set of facts was submitted to my office in the criminal division, and a criminal complaint was filed based on the obtaining money under false pretenses. I'm still puzzled about how the district court could find that the conduct of Mr. Rosenbaum in this case didn't give rise to any probable cause under any criminal statute and then be able to refer to a criminal statute and say there was qualified immunity. Isn't that intellectually inconsistent? I don't believe it is, because what the law in terms of immunity is, the first step is you've got to determine whether there was a violation of a constitutional right. The court, the district court found that there was a violation because there was not probable cause. But then you go on to the next step in determining whether immunity would apply, and regardless of whether, I mean, you have to have a violation of constitutional rights in order to get to that step to determine whether a reasonable officer would have acted or relied upon this statute. In fact, you don't have to. You can do Pearson and go backwards. I agree. But the reality is if there's no criminal statute where there could have been probable cause here, how could this officer rely upon some statute that the district court says doesn't exist, say it's ambiguous, and then get qualified immunity? Well, because that's what the court said, is that the statute is ambiguous, and a reasonable interpretation of that statute was consistent with there being probable cause. But the ---- But the court found there was no probable cause. Couldn't have been probable cause under that statute. Correct. And what they did was they analyzed that statute and, in essence, took a guess at what the Nevada Supreme Court would do in analyzing that statute and its interpretation. Well, basically, if the statute's never been interpreted in Nevada, the officer always gets qualified immunity because it's confusing. Is that right? If it's a reasonable interpretation of the statute and ---- You said it's reasonable. It doesn't matter. If the Nevada Supreme Court hasn't decided it, it's confusing by that standard. Right? Well, if the ambiguity is and that interpretation is reasonable, then the officer has reasonably relied on a law. That's a little out of question. I'm sorry. Well, I guess I'd like to know if we sent this back to the district court and said the qualified immunity issue could not, on this record, be resolved on a summary judgment. I mean, would the government have witnesses, you know, police sergeants or some expert witness police who could stand up and say a reasonable officer would have applied this particular statute, whatever, to this guy when he's selling tickets in his T-shirt in front of the event? We would have an expert witness. However, I don't believe that the determination of probable cause is a subject that expert witness testimony is appropriate on. No, but do you have an expert witness? I mean, would you have an expert witness who would say a reasonable officer would have thought there was probable cause to arrest on this? This incident involved not only the arresting officer, but I believe there were four other officers present at the time. I would have them to testify, and I would also have my expert, if it's deemed appropriate, to chime in on the issue of whether a reasonable officer could have reasonably relied on this statute and determined that there was probable cause, yes. All right. Thank you very much. I appreciate it. We'll give Ms. Hearn a moment to respond. One minute, please. And bringing the Court's attention to Pearson v. Callahan, it says, this inquiry turns on the objective legal reasonableness of the action assessed in light of the legal rules that were clearly established at the time it was taken. At the time. At the time. I go back to that because it just seems to me, thought of everything else later. But one issue we haven't dealt with is also the Court dismissed the claim with regard to the substantive due process issue about the interference with the familial relationship. And I would urge the Court to also consider that as being a very important issue as to where that fault line is. Clearly, if the children are taken away and put in foster care unlawfully for nine months, that is a constitutional violation. And the reason why they need to be taken away and put in foster care is simply because they're under the influence of their parents. If they were walked across, weren't they just walked across the street to their mother? They were — there was a timeframe in which the mother did not see them, the father did not see them, and yes, they were walked across down the block to their mother. How long was that timeframe? It's Reno. Probably a block is about five minutes. But this isn't anything like yanking kids into foster care for a period. It is not. I'm sorry, Your Honor. Is time relative in Reno? Not really. We're 24 hours. It just goes on and on. But what is important is what occurred in that time where children were questioned, where they were told their father was bad, that he was bad. Do you know the difference between good and bad? And that he is going to jail. And certainly, certainly that interferes with the familial relationship. How do you, after you've fostered your children to believe in a respect for the police force, now explain to them why a policeman's just called you a bad person and you've got to explain why he wasn't correct? I think that does interfere. And I think you shouldn't talk to children. And I think the chief of police, in his deposition stated, shouldn't be questioning children outside the purview of their parents and outside the president. I think we have your point. We thank you both for your argument. The case of Rosenbaum v. Washoe County is submitted.
judges: Gertner, Gould, Smith M.